18-3053. United States of America v. Brian Eric Clark. Mr. Kramer for the appellant. Ms. Gabriel for the appellant. Good morning, Mr. Kramer. Good morning, Your Honors, and may it please the Court. Let me stop you one minute and just say I'd like to put on the record that this is the first time I've been able to sit with our newest member, Judge Rao, and I'd like to welcome her on board and put on the record that I'm delighted to be sitting with her. So go ahead. And my first argument, and I'm delighted to be arguing with her. In deciding whether unarmed bank robbery is a crime of violence under the residual clause of the guidelines, there is at least one thing on which the parties agree, and which in this case is intimidation. And intimidation, and part of the least culpable conduct of intimidation is there was a case argued last week that I believe Judge Henderson was on the panel about bank robbery. And the vast majority of bank robberies are committed by notes that are handed to the tellers. And even a polite or a very courteous note to a teller is considered intimidation in the bank robbery context, such as there's an example in our brief of a person who said, I need money, hundreds and fifties, and didn't even say it was a robbery. There's examples of polite notes that said, such as, please give me all your hundreds and fifties. And that is not in, that I believe is negligent conduct of what constitutes intimidation. A reasonable person. How is the jury charged in these cases? Because it seems to me under Judge Bates' opinion, the jury has to be charged if there's subjective knowledge on the part of the accused, that the action will make a reasonable teller feel threatened with violence. And the way you're talking about these, they sound as if a jury would not, perhaps even could not, convict on the basis of your hypos, or your, I guess, actual facts. Well, I think it's not a subjective test at all. Under Carter, I think it's an objective test. Both the reasonable teller, whether the reasonable person. But that's an objective test. And the court said in Carter that both, that it's a general intent crime, not a specific intent crime. All you have to know is the actus reus, which seems to me to indicate that it's an objective test there as well. And I think jury instructions vary, to be honest with you. There was the case that's cited in our brief about the person who handed the note. That case pleaded guilty, so there was no instruction in that case. I think jury instructions vary, and it depends what the case is. More frankly, I don't think there is a, so to speak, pattern jury instruction about that. But if the jury could well have been instructed that the defendant had to know that his actions were intimidating. But that's not a requirement, I don't think. Anyhow, the government doesn't cite. Is there some case that Judge Bates is misciting? I think that he's not misciting as much as he's taking the leap that because Carter says that it's, well, Carter says it's a general intent crime, so you have to know that force and violence, that the money was taken. First of all, you have to know that the money was taken. That's pretty easy, I think, in most cases. But then by force, the general intent goes to the force, violence, and intimidation as well. And that's not a specific intent of knowing what intimidation is, I think. I think Judge Bates made the leap from the language in Carter to the fact that the defendant had to know. I think when the Supreme Court said in Carter that all the defendant had to know was the actus reus, I think that that means that all the defendant had to know was that they went up there, did some act such as handing a note in the vast majority of cases, and that the money then was taken from by, I understand Carter to be saying. Otherwise, I think the Supreme Court would have said specific intent, that the defendant knew they were using intimidation. I'm just looking at the part of Judge Bates' opinion at page 288, which is almost every court that has considered this argument has rejected it. It points to a number of cases. Relying on Carter, these cases conclude that 2113A requires the government to prove not only that the defendant engaged in objectively intimidating conduct, but also that he knew that his actions were objectively intimidating. I think he cites three cases in the federal appendix for that, or two cases in the federal appendix, or one in Fed Third and two in the federal appendix. But that, in my mind, is a misreading of Carter in the sense of when Carter says the person has to know the actus reus, what they did was they have to know that they handed a note. There is a case that came up where a person actually stood there with a blank note. The theory was, as I understand it, that the person showed the wrong side of the note to the teller, and that that was held to be bank robbery because it intimidated the teller. And I think that it's pretty simple in the sense of bank tellers are taught not to, in the slightest sense, to give the money over. By the way, Judge Relying, the government cites no case about the jury instructions in bank robbery cases about whether it's subjective or objective. Tellers are taught to hand the money over, so at the slightest note, somebody could say, please give me all your 10s and 20s. And I think that bank tellers, they're taught to give the It's a negligence standard for somebody who maybe could not speak. I think it came up in oral argument last week about if somebody had laryngitis and they handed a note and said, please give me 10s and 20s, and they had an account there, but they didn't say that in the note and the teller handed it over, would that be bank robbery? And under the government's theory, it would. So I think that it can be committed by negligence, and if it can be committed by negligence, it would be from residual clause. And if, sorry. If this Court were to affirm, would that not involve a circuit holding that 2113A does require subjective knowledge that the Act will intimidate? Yes. And I think there is no case law one way or the other in this. That's what I gather from Judge Bates' opinion. And yes, that would definitely be a holding that it requires subjective knowledge, yes. Wouldn't that create a circuit split? A pretty lopsided one? There are these three, two from the Fed Appendix and one other circuit that talk about subjective. So I think it would not create a circuit split. According to Judge Bates, every court that is considered, but he cites just three cases, two from Fed Appendix and one from Fed Third, that he knew his actions were intimidating. So I think it would not create a circuit split to say it's subjective. These three other circuits have held that it's subjective. Mr. Kramer, I want to take your time and we'll give you some time in response. Thank you. I want to ask you about your opinion of a scenario that is not a hypothetical, it actually happened, and ask you about whether this, it would fit our bank robbery statute. The M.O. of the bank robber was to pick out a young teller, follow her home for a couple of days, find out where her little girl went to daycare, and then went to the bank and had a little two-way radio and said, My confederate is at the Happy Days Daycare Center. That's all he said. Would that fit? With no demand for money or no note or anything, I think not. Well, obviously, I don't remember what he said. I guess he handed a note. I think that would probably fit because I think that would come under knowing, but from a reasonable person's standpoint, knowing intimidation and the fact that you've made this effort and you have, while you're in the bank handing a note for money, you're intimidating the teller by showing that you know where her daughter is. So I don't think I would quibble with that one. Well, my question was really directed at the threat of violence. Well, that's a different, I mean, that's a, I'm sorry, that's a different part of the statute. It's an indivisible statute, but that's a different prong. Let me put it that way. So I don't know if it would come within the violence prong, but it seems to me it would come within the intimidation prong, which I'm sorry. It's a threat. I mean, the intimidation includes a threat to use violent force. Yes. So I'm asking you whether that, and if you don't, if you want time to think about it, that's fine. I'm just wondering about your opinion, and then I'll ask your colleague the same question. No, I have to say that intimidation right means the force, a threat of violence or fear. And so I think that, I'm sorry, by force or violence, by force, that intimidation means the fear of force or violence. And I think that by, I have to say even I think that by handing a demand note and then showing that you know where the teller's daughter is, I don't think I would argue that that comes outside of the purview of the statute. Which leads me though to another thing. There's a problem here too about intimidation about how somebody looks. And we give the examples, and Judge Bates even gave an example of someone who comes up to the, it could be a person who's very slight and goes up there and hands a note, and they may think that's a customer, and somebody much larger could be intimidating to the teller, but that's not, the person doesn't think they're intimidating when they're like that. So I think that may be the difference between subjective and objective too. Thank you. Thank you. Ms. Gabriel. Good morning. May it please the Court, Elizabeth Gabriel on behalf of the United States. The district court here correctly found as every circuit has, that federal bank robbery qualifies as a crime of violence. Bank robbery requires both the mens rea as well as the level of force required under the queer offender guideline. Bank robbery requires knowledge, as Carter has held, knowledge not only as to the taking of the money but as to the acts of intimidation themselves. Although intimidation is measured from an objective viewpoint, the government still must prove that the defendant has knowledge that his acts are intimidating to a reasonable person. So the statute does not encompass mere negligence. There has to be proof of knowledge. In addition, the level of force required is the same level of force that 4B1.2 requires. It has to be a threat of physical force, and that is what all of the circuits that have considered this question have held, that it is the threat of violent physical force. And so there simply is no question that the weight of authority is such that bank robbery is a crime of violence under the elements clause of 4B1.2. Does the meaning of intimidation in sort of the plain meaning, the dictionary meaning, include a threat of violence or force? I mean, I've looked at a lot of dictionaries, and it doesn't seem to encompass that necessarily. I'll be honest. I have not looked at the dictionary definition because it seems pretty clear from the authorities from other circuits that intimidation has been interpreted to mean a threat of physical force. I don't think there's been any disagreement on that among the circuits, so I have not looked at it. Is that because of the common law background? I'm sorry? Is that because of the common law understanding of the meaning of the word intimidation? I think so. The common law meaning to instill fear, to put in fear of bodily harm. And that is exactly what a threat of physical force requires. Are there any other questions? What about my scenario? Okay. I think in your scenario, I would agree with Mr. Craver that that clearly would be intimidation. A person who approaches a teller, demands money, and indicates to the teller that he knows where her child, young child is, I think is clearly, to a reasonable person, a threat of force against that person's child. So I think it clearly would fall within the statute. It seems to me that if it falls within the statute, if a bank robber goes up to a teller and says, doesn't say anything about a threat of force to the teller, but tells all the customers, get down on the floor, that's intimidation of the teller.  I think it's intimidating. What I'm asking is the intimidation to use force, violent force, against someone else, not the teller. I think that the statute encompasses that. I think it's a threat of force to the person of another, whether it's the teller or somebody else. I don't think it matters, as long as it's to somebody else. I think that that qualifies under the statute as intimidation. And how do you differentiate, I guess, it's a different type of threat, but the cases that say, poisoning with lye or sulfuric acid, I think maybe Judge Bates used those, were too indirect. Well, I think Castleman has rejected any notion that that is not a use of force or a threaten to use force. Simply because it's indirect doesn't mean that it's not force. It's just a different application of force. So I think it's pretty clear under the Supreme Court's precedence that that is not a case of no use of force. It's just a different kind of use of force. Okay. All right. Thank you. Thank you. Why don't you take two minutes? Thank you. Thank you very much. I didn't want to ignore the second argument we made, which is that the threat of violent force is not required in the bank robbery statute as well. It's the second prong of the argument in our brief. So I didn't want to slight that argument either. But that's all I have to add to that. Thank you.
judges: Henderson, Rao, Williams